**Gregorio VARGAS–PEREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73076.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

David N. Horwitz, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elizabeth J. Stevens, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

MEMORANDUM**

Gregorio Vargas–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for substantial evidence. *See Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's determination that Vargas–Perez failed to prove the requisite seven years of continuous physical residence in the United States to qualify for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(2); 8 U.S.C. § 1101(a)(33) ("The term 'residence' means place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent."); *Alcarez–Garcia v. Ashcroft*, 293 F.3d 1155, 1157–58 (9th Cir. 2002) (noting that "residence" for immigration purposes is where petitioner "was physically present").

■ Vargas–Perez contends the IJ violated his due process rights by considering only the residence issue, and not the equities. Because the residence issue was dispositive of Vargas–Perez's eligibility for cancellation, Vargas–Perez has not raised a colorable due process claim. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity"); *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

